IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Laura Li,                                      Case No. 3:10 CV 1721

           Plaintiff,                      MEMORANDUM OPINION
                                              AND ORDER

      -vs-                                         JUDGE JACK ZOUHARY

Sysco Corporation, et al.,

           Defendants.

*Pro se* Plaintiff Laura Li brings this *in forma pauperis* action against her former employer, Sysco Detroit LLC and Sysco Corporation (collectively Sysco).  Plaintiff asserts Sysco violated her civil rights by discriminating against her based on her age, disability, race, national origin, sex and retaliation.

## BACKGROUND

Plaintiff, a Chinese national, was hired by Sysco on or about November 13, 2006.  She began working as a business development representative, but became a marketing associate two months later.  The position required frequent travel for Plaintiff to attend training sessions.  While traveling to a session in December 2006, Plaintiff was involved in an automobile accident and sustained head injuries.  She claims she later suffered memory loss, amnesia, concentration, visual and audio comprehension and cognition impairments, rendering her disabled (Doc. No. 1, at 2).

Plaintiff alleges Sysco knew she was disabled, failed to accommodate her disability, and forced her to sign a letter of resignation, through intimidation, on May 8, 2007 (Doc. No. 1, at 2).  She adds she was coerced into signing the letter because she was unaware of its contents due to her

disability. There are no additional facts alleged to support these statements. Plaintiff alleges she has suffered lost wages, benefits, future earnings and loss of reputation because of Sysco's actions. She alleges disability discrimination in violation of the Americans with Disabilities Act of 1990 and the Ohio Revised Code, as well as discrimination based on her race, national origin, age, retaliation and sex in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. Plaintiff further alleges that from 2008 through 2010, she applied for and was denied the same or similar positions with Sysco.

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, generous construction of *pro se* pleadings is not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Federal Civil Rule 8 demands that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard does not require "detailed factual allegations," but it demands more than an unadorned legal accusation. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*.

## ANALYSIS

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., provides "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . race, sex or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). Additionally, Title VII includes "a charge filing provision that 'specifies with

2

precision' the prerequisites that a plaintiff must satisfy before filing suit." *AMTRAK v. Morgan*, 536 U.S. 101, 109 (2002) (quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)).

Pursuant to 42 U.S.C. § 2000e-5(e)(1), an individual is required to "file a charge within the statutory time period and serve notice upon the person against whom the charge is made," which is either 180 or 300 days of an employment practice. *AMTRAK*, 536 U.S. at 109 ("In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days."). "A claim is time barred if it is not filed within these time limits." *Id.* "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. . . ." *Id.* at 111.

Here, Plaintiff filed two charges of discrimination: one on April 6, 2010 and one on August 4, 2010. In the April 2010 charge, Plaintiff alleges that (1) Sysco forced her to resign based on Plaintiff's disability and (2) during a January 2010 Industrial Commission meeting, she was subjected to false allegations (Doc. No. 1-2 at 3). In her August 2010 charge, Plaintiff makes these same allegations and also adds that during 2008 and 2009, she reapplied for marketing positions with Sysco but was denied based on unspecified discrimination against her (Doc. No. 1-2 at 4).

Although Plaintiff makes reference in her Complaint to both the January 2010 Industrial Commission meeting and her attempts at trying to regain employment with Sysco, the Complaint primarily focuses on her alleged forced resignation in May 2007. She asserts that this action violates Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act and Ohio state law. Claims based upon this event, however, are clearly time-barred. At the latest, Plaintiff

should have filed a charge within 300 days -- by March 2008.  *See* 42 U.S.C. § 2000e-5(e)(1)*; AMTRAK*, 536 U.S. at 109.  Plaintiff did not file a charge until April 6, 2010, and therefore, any claims premised upon the alleged forced resignation are time-barred.

Although the Complaint does not seek any relief for Sysco's refusal to rehire her from 2008 through 2010, to the extent her Complaint can be read to seek redress for these actions, these claims are also barred.  First, the August 2010 charge only states that Plaintiff applied for and was denied employment with Sysco from 2008 through 2009.  Therefore, any relief she seeks for Sysco's refusal to rehire her in *2010* is barred for Plaintiff's failure to first file a timely charge with the Ohio Civil Rights Commission and the EEOC.  *See* 42 U.S.C. § 2000e-5(e)(1)*; AMTRAK*, 536 U.S. at 109.  Second, any potential claim Plaintiff may have had with respect to these allegations was required to be filed in a charge within 300 days of the occurrence of the employment practice, as discussed above.  This means that any occurrence of an employment practice taking place prior to October 2009 is also time-barred.

Therefore, the only conceivable claim Plaintiff may have against Sysco is for a refusal to rehire her because of a protected characteristic occurring between October 2009 and the end of December 2009.  Even if Plaintiff's Complaint could be read to include claims arising from events falling within this time period, however, they too must fail because Plaintiff simply does not allege a prima facie case of discrimination.  To make out a prima facie case, Plaintiff must allege that: "'(1) she . . . was a member of a protected class; (2) she . . . suffered an adverse employment action; (3) she . . . was qualified for the position; and (4) she . . . was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees.'"  *Wright v. Murray Guard, Inc*., 455 F.3d 702, 707 (6th Cir. 2006) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir.

2004)). Plaintiff has failed to allege that Sysco refused to rehire her because of her race, national origin, sex or disability; she only states she was not rehired. This allegation, in and of itself, is insufficient to state a claim for discrimination. Plaintiff's retaliation claims, to the extent her Complaint can be read to include any, fail for the same reason.

In addition, any claim that can be gleaned from the Complaint based upon the events at the January 2010 Industrial Commission meeting also must fail. Plaintiff merely alleges that she was subjected to several false allegations at this meeting, without alleging the substance of these statements, who made them or how they violate federal or state law. This conclusory statement does not sufficiently state a claim for discrimination or retaliation. *See Iqbal*, 129 S. Ct. at 1949.

Finally, Plaintiff's remaining allegations of discrimination are asserted as violations of the Ohio Revised Code. Because her federal claims cannot survive, this Court declines to exercise supplemental jurisdiction over any state law claims in this case. *See* 28 U.S.C. § 1367(c)(1) (stating the court may decline to exercise supplemental jurisdiction when it dismissed all claims over which it has original jurisdiction).

## CONCLUSION

Accordingly, Plaintiff's Application to Proceed *in forma pauperis* (Doc. No. 2) is granted and the Complaint (Doc. No. 1) is dismissed; Plaintiff's Motion for Assignment of Pro Bono Counsel (Doc. No. 3) is denied as moot; Plaintiff's Motion for Efiling (Doc. No. 7) is granted; and Defendants' Motion for Change of Venue (Doc. No. 9) is denied as moot.

Further, this action is dismissed under Section 1915(e), but without prejudice to any potential state law claims she may have. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

            s/ *Jack Zouhary*
            JACK ZOUHARY
            U. S. DISTRICT JUDGE

            November 30, 2010